Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| ALAIN VITLLOCH CÁCERES<br><br>Peticionario<br><br>v.<br><br>NSS CAROLINA, LLC – NISSAN 65; NSSK SAN JUAN, LLC – NISSAN KIA KENNEDY, USADOS BAYAMÓN, LLC GRUPO BAEZA, TESELTA, GONZÁLEZ TRADING, LLC., COMPAÑÍA ABC Y OTROS<br><br>Recurridas | KLCE202400994 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: TJ2024CV00249<br><br>Sobre: Despido Injustificado Ley 80, Hostigamiento y Acoso Laboral, Daños y Perjuicios (Ley 2, Procedimiento Sumario) |
|---|---|---|

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

*Martínez Cordero, jueza ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de septiembre de 2024.

Comparece Alain Daniel Vitlloch Cáceres (en adelante Vitlloch Cáceres y/o peticionario) mediante un recurso de *Certiorari*, para solicitarnos la revisión de la *Resolución* emitida y notificada el 4 de septiembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, TPI).[1] Mediante la *Resolución* recurrida, el foro primario declaró *No Ha Lugar* una solicitud por la parte aquí peticionaria, en la cual solicitó una enmienda *nunc pro tunc* para que se dispusiera que la desestimación parcial decretada era sin prejuicio.

Por los fundamentos que expondremos, se *desestima* el auto de *Certiorari* por falta de jurisdicción.

---

[1] Apéndice del recurso, a las págs. 1-3.

Número Identificador

RES2024_____

# I

La acción del título inició, el 29 de abril de 2024, cuando el peticionario presentó una *Querella* al amparo de la Ley de Procedimiento Sumario de Reclamaciones Laborales (Ley Núm. 2)[2] en contra de NSS Carolina, LLC – Nissan 65; NSSK San Juan, LLC- Nissan Kia Kennedy, AutoGrupo; Usados Bayamón, LLC; Grupo Baeza; Baeza Holdings; Teselta Gonzalez Trading, LLC, y Teselta, LLC (en adelante y en conjunto, parte recurrida). En la misma, adujo que la parte recurrida lo despidió injustificadamente, incurrió en hostigamiento y acoso laboral, y le ocasionó daños y perjuicios.[3]

Tras varias incidencias procesales innecesarias pormenorizar, el 6 de junio de 2024, la parte recurrida presentó una moción de desestimación parcial.[4] En el pliego, sostuvo, en síntesis, que el tribunal de instancia no tenía jurisdicción para atender la causa de acción de acoso laboral, puesto que el peticionario no agotó los remedios provistos por la Ley para Prohibir y Prevenir el Acoso Laboral en Puerto Rico (Ley Núm. 90).[5]

En reacción, el 21 de junio de 2024, el peticionario se opuso a la solicitud de desestimación parcial.[6] Esencialmente, planteó que estuvo impedido de agotar los remedios que provee la antedicha ley, dado a que la parte recurrida no había adoptado e implementado una política interna para prevenir y desalentar el acoso laboral.

En reacción, la parte recurrida presentó una réplica a la señalada oposición,[7] y, posteriormente, el peticionario presentó una dúplica.[8] Evaluados los sendos escritos de las partes, el foro primario, mediante *Sentencia Parcial,* emitida el 6 de agosto de 2024, y notificada al día siguiente, desestimó la causa de acción por

---

[2] Ley Núm. 2 de 17 de octubre de 1961, 32 LPRA sec. 3118 *et seq.*
[3] Apéndice del recurso, a las págs. 100-105.
[4] *Íd.,* a las págs. 74-81.
[5] Ley Núm. 90-2020, 29 LPRA sec 3111.
[6] Apéndice del recurso, a las págs. 69-72.
[7] *Íd.,* a las págs. 51-58.
[8] *Íd.,* a las págs. 31-48.

hostigamiento y acoso laboral.[9] El aludido foro concluyó que no tenía jurisdicción para atender la mencionada causa de acción, puesto que el peticionario no agotó los remedios administrativos dispuestos por la Ley Núm. 90.

Días más tarde, el 19 de agosto de 2024, el peticionario presentó una moción solicitando enmienda *nunc pro tunc.*[10] En su petitorio, le suplicó al tribunal de instancia que enmendara *nunc pro tunc* la *Sentencia Parcial* para que se especificara que la desestimación parcial decretada fue sin perjuicio.

En respuesta, el 30 de agosto de 2024, la parte recurrente se opuso a la aludida solicitud.[11] Subrayó que la enmienda *nunc pro tunc* no estaba disponible para corregir errores de derecho o de apreciación o valoración de la prueba. De manera que el peticionario debió haber acudido al tribunal intermedio mediante un recurso de apelación.

Examinado lo anterior, 4 de septiembre de 2024, el foro primario emitió la *Resolución* que nos ocupa. [12] Mediante el referido dictamen, declaró *No Ha Lugar* la solicitud de enmienda *nunc pro tunc* presentada por el peticionario.[13] A tenor, resaltó que "todo planteamiento relacionado a la *Sentencia Parcial* emitida correspondía plantearse en el Foro Apelativo en un término jurisdiccional de 10 días contados a partir de la notificación".[14]

En desacuerdo con el dictamen emitido, el 16 de septiembre de 2024, el peticionario recurrió ante nos mediante un recurso de *Certiorari,* en el cual alzó la comisión de un (1) único error.

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones,[15] este Tribunal tiene la facultad de prescindir de

---

[9] Apéndice del recurso, a las págs. 16-29.
[10] *Íd.,* a las págs. 13-15.
[11] *Íd.,* a las págs. 6-12.
[12] *Íd.,* a las págs. 1-3.
[13] *Íd.,* a las págs. 1-3.
[14] *Íd.,* a las págs. 2-3.
[15] 4 LPRA Ap. XXII-B, R.7 (B)(5).

términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho. En consideración a lo anterior, eximimos a la parte recurrida de presentar escrito en oposición al recurso de *revisión* ante nos. A tenor, procederemos a exponer el derecho aplicable al presente recurso.

II

## A. Falta de jurisdicción

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración.[16] Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela ni las partes pueden otorgársela.[17] Es norma reiterada en nuestro ordenamiento, que: "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".[18] Igualmente, nuestro Tribunal Supremo ha sido constante en expresar que las cuestiones relativas a la jurisdicción constituyen materia privilegiada.[19] De manera que, deben ser resueltas con preferencia, pues inciden directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[20] Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[21] De lo contrario, cualquier dictamen en los méritos será nulo y no se podrá ejecutarse.[22] Es

---

[16] *R&B Power, Inc. v. Junta de Subasta ASG,* 2024 TSPR 24, 213 DPR ___ (2024); *AAA v. UIA,* 199 DPR 638, 651-52 (2018).

[17] *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 296 (2016).

[18] *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).

[19] *R&B Power, Inc. v. Junta de Subasta ASG,* supra.

[20] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018).

[21] 4 LPRA Ap. XXII-B, R. 83; *R&B Power, Inc. v. Junta de Subasta ASG,* supra.

[22] *Bco. Santander v. Correa García,* 196 DPR 452, 470 (2016); *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007).

decir, una sentencia, dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho y, por lo tanto, inexistente.[23]

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones,[24] confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso o denegar un auto discrecional cuando este foro carece de jurisdicción.

### B. Procedimiento Sumario bajo la Ley Núm. 2

La Ley Núm. 2 provee un mecanismo procesal sumario para la rápida tramitación y adjudicación de las querellas de obreros y empleados presentadas contra sus patronos por servicios prestados, relacionadas a salarios, beneficios y derechos laborales.[25] A tenor, las reclamaciones ameritan ser resueltas de forma diligente, protegiendo el carácter sumario, de modo que se pueda implantar la política pública del Estado de proteger el empleo, desalentar el despido sin justa causa, y proveer al obrero o empleado despedido los medios económicos para su subsistencia, mientras consigue un nuevo empleo.[26] Ello, con el fin de remediar la desigualdad económica existente entre las partes al instarse una reclamación de este tipo.[27] Igualmente, hay que considerar que la mayoría de la información sobre los reclamos salariales o por un despido está en posesión del empleador.[28] Por ello, el Tribunal Supremo ha dispuesto que el carácter sumario constituye la médula de la Ley Núm. 2.[29]

---

[23] *Montañez v. Policía de P.R.*, 150 DPR 917, 921-922 (2000).
[24] 4 LPRA Ap. XXII-B, R. 83 (C).
[25] *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 265 (2018); *Patiño Chirino v. Parador Villa Antonio,* 196 DPR 439, 446 (2016); *Vizcarrondo Morales v. MVM, Inc.,* 174 DPR 921, 928 (2008); *Lucero v. San Juan Star,* 159 DPR 494, 504 (2003).
[26] *Ruiz Camilo v. Trafon Group, Inc.*, supra, a la pág. 446; *Aguayo Pomales v. R & G Mortg.*, 169 DPR 36, 43 (2006); *Lucero v. San Juan Star*, supra, a la pág. 504.
[27] *Lucero v. San Juan Star,* supra, a la pág. 504; *León v. Rest. El Tropical,* 154 DPR 249, 254 (2001).
[28] *Peña Lacen v. Martínez Hernández et al.*, 210 DPR 425, 434 (2022).
[29] *Bacardí Corp. v. Torres Aguayo*, 202 DPR 1014, 1019 (2019).

En mérito de lo expuesto, la Asamblea Legislativa aprobó la Ley Núm. 133-2014 (Ley Núm. 133),[30] con la intención de atemperar las disposiciones de esta ley al esquema judicial vigente y extender el carácter sumario de esta a la etapa apelativa, y, así, cumplir con el propósito rector de la misma, de proveer al obrero o empleado un remedio rápido y eficaz.[31] En lo pertinente, la Sección 9 de la Ley Núm. 2, enmendada por la antedicha ley, dispone que:

> [c]ualquiera de las partes que se considere perjudicada por la sentencia emitida por el Tribunal de Primera Instancia podrá interponer recurso de apelación ante el Tribunal de Apelaciones, en el término jurisdiccional de diez (10) días, computados a partir de la notificación de la sentencia del Tribunal de Primera Instancia.[32]

A tenor con lo anterior, nuestro Tribunal Supremo estableció que la revisión de resoluciones interlocutorias desvirtúa el carácter sumario del procedimiento.[33] Por consiguiente, la parte que pretenda impugnar tales resoluciones interlocutorias deberá esperar hasta la sentencia final e instar contra ella el recurso pertinente, a base del alegado error cometido.[34]

No obstante, el aludido foro reconoció que esta norma no sería absoluta y cedería en aquellos casos en que la resolución sea dictada sin jurisdicción por el tribunal de instancia, o en aquellos casos extremos en los cuales los fines de la justicia requieran la intervención del foro apelativo.[35] A esos efectos, y a modo excepcional, los tribunales apelativos deben ejercer su facultad para revisar, mediante *certiorari,* aquellas resoluciones interlocutorias dictadas en un procedimiento sumario conforme a la Ley Núm. 2, en las siguientes circunstancias: (i) cuando el foro primario haya

---

[30] Ley para enmendar las Secciones 1, 4, 9, 10 y 11; derogar las Secciones 6, 12 y 13, y reenumerar las Secciones 7, 8, 9, 10 y 11, como Secciones 6, 7, 8, 9 y 10 respectivamente, de la Ley Núm. 2.

[31] Ley Núm. 133, *supra,* Exposición de Motivos; *Patiño Chirino v. Parador Villa Antonio, supra,* 446-447.

[32] Sec. 9 de la Ley Núm. 2, *supra,* 32 LPRA sec. 3127.

[33] *Dávila Rivera v. Antilles Shipping, Inc.,* 147 DPR 483, 496 (1999).

[34] *Íd.,* a la pág. 497.

[35] *Díaz Santiago v. PUCPR et al.,* 207 DPR 339, 349 (2021); *Dávila Rivera v. Antilles; Shipping, Inc.,* supra, a las págs. 497-498.

actuado sin jurisdicción; (ii) en situaciones en las que la revisión inmediata dispone del caso por completo, o (iii) cuando la revisión tenga el efecto de evitar una grave injusticia.[36]

### III

En nuestra previa exposición doctrinal indicamos que las cuestiones relacionadas a la jurisdicción deben ser resueltas con preferencia, pues inciden directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[37] Por consiguiente, cuando este Tribunal carece de jurisdicción, no podemos hacer más que desestimar la reclamación, sin entrar en sus méritos. [38] A tenor, disponemos que en el presente caso no tenemos jurisdicción para atender el recurso. Nos explicamos.

En el caso de marras, el peticionario presentó una solicitud de enmienda *nunc pro tunc*, a los fines de que el tribunal de instancia enmendara la *Sentencia Parcial* notificada el 7 de agosto de 2024, para indicar que la desestimación decretada era sin perjuicio. Sobre lo anterior, puntualizamos que, sobre dicha determinación, la parte peticionaria no acudió en revisión judicial. Ahora bien, recibida y evaluada la solicitud de enmienda *nunc pro tunc,* y tal cual expusimos en la relación de hechos que antecede, el foro primario declaró la misma *No Ha Lugar.* A esos efectos, el peticionario acudió ante nos mediante un recurso de *Certiorari.*

Según reseñamos, esta Curia no está facultada para atender cuestiones interlocutorias en los casos instados al amparo del procedimiento sumario de la Ley Núm. 2. Ello, puesto que la revisión de resoluciones interlocutorias es contraria al carácter sumario de este procedimiento.[39] Ahora bien, de manera extraordinaria,

---

[36] *Díaz Santiago v. PUCPR et al.*, supra, a la pág. 349; *Medina Nazario v. McNeil Healthcare LLC.,* 194 DPR 723, 733 (2016); *Ortiz v. Holsum,* 190 DPR 511, 517 (2014); *Dávila Rivera v. Antilles Shipping, Inc.*, supra, a la pág. 498.
[37] *Torres Alvarado v. Madera Atiles,* supra, a la pág. 500; *Fuentes Bonilla v. ELA et al.*, supra, a la pág. 372 (2018).
[38] 4 LPRA Ap. XXII-B, R. 83; *R&B Power, Inc. v. Junta de Subasta ASG,* supra.
[39] *Dávila Rivera v. Antilles Shipping, Inc.*, supra, a la pág. 496.

podríamos atender, en estos casos, un auto de *certiorari,* si se encuentra presente algunas de las siguientes circunstancias: (i) el foro primario actuó sin jurisdicción; (ii) la revisión inmediata dispone del caso por completo, o (iii) la revisión tendría el efecto de evitar una grave injusticia. [40] Luego de evaluar minuciosamente los autos ante nuestra consideración, coincidimos en que, en este caso, no se justifica nuestra intervención extraordinaria. En mérito de lo anterior nos es forzoso desestimar el presente recurso por falta de jurisdicción.

IV

Por los fundamentos que anteceden, se *desestima* el auto de *Certiorari* por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[40] *Díaz Santiago v. PUCPR et al.*, supra, a la pág. 349. *Medina Nazario v. McNeil Healthcare LLC.,* supra, a la pág. 733; *Ortiz v. Holsum,* supra, a la pág. 517. *Dávila Rivera v. Antilles Shipping, Inc.,* supra, a la pág. 498.